In re Complaint of Jane DOE.*

JCP No. 08–11–90005.

Judicial Council of the Eighth Circuit.

Feb. 24, 2011.

WILLIAM JAY RILEY, Chief Judge.

## I. BACKGROUND

This is a judicial complaint filed by a disbarred attorney on January 17, 2011 against a United States district judge. The district judge is presiding over a long-running case involving the attorney both as counsel and contemnor. On February 2, 2011, upon request, the district judge responded to the complainant's allegations.

It would serve no purpose to catalogue the lengthy procedural history of the underlying lawsuit. Suffice it to say that the complainant disagrees with some of the district judge's rulings in that case. The complainant correctly concedes that the merits of the district judge's rulings in the lawsuit may not be relitigated here. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial–Conduct and Judicial–Disability Proceedings of the Judicial Conference of the United States (J.C.U.S.) Rule 11(c)(1)(B).

The complainant identifies "three issues that are appropriate for subjects of complaint in that they are considered non-merits related." The complainant alleges the district judge: (1) "had an improper motive for the failure to recuse himself"; (2) "engaged in inappropriately hostile

* Under Rule 4(f)(1) of the Eighth Circuit Rules Governing Complaints of Judicial Misconduct and Disability, the names of the complainant and the judicial officer complained against are to remain confidential, except in special circumstances not here present.

treatment of a litigant"; and (3) "had an improper bias towards both litigants in this case," that is, "was baised [sic] in favor of [the defendants] and had a negative bias against me."

## II. ANALYSIS

### A. Allegation of Improper Motive for Failure to Recuse

 First, the complainant alleges the district judge "had an improper motive for the failure to recuse himself." ** The lawsuit was filed in 2005 against a partnership and others. In 2006, the district judge *sua sponte* informed complainant that, in 1998, he and his wife bought a house from persons who were defendants, personally and as members of the partnership, in the lawsuit. The district judge held recusal was not required. Among other things, the district judge pointed out the sale was at "arms length"; financing was secured through a bank; and the district judge dealt with a real estate broker and did not recall ever having met the home's sellers.

The complainant now says she has uncovered publicly available documents that indicate the defendants "appear to have sold the property to [the district judge] for less than its appraised value." The complainant avers the defendants "made [the district judge] and his wife a deal that was perhaps too advantageous." Specifically, the complainant tallies "three mortgage loans," which total 92% of the home's purchase price. Complainant apparently infers the fair market value of the district judge's home was more than the purchase price, because no bank would allow a dis-

trict judge and his wife "to obtain three mortgages equal to 92% of the sale price within approximately 120 days after purchasing it." The complainant speculates the district judge, in identifying the recusal issue *sua sponte* and not making full disclosure or giving complainant more time to respond, then declining to recuse, "was deliberately intend[ing] to make it difficult for a litigant to request recusal or challenge the failure to recuse."

Complainant's allegations are inherently implausible. It is absurd to suggest that individuals would offer a district judge "a deal" to obtain favor in litigation that would not be filed against those individuals for approximately seven years, to say nothing about the random assignment of cases among the potential trial judges. In any event, public records supplied by the district judge refute complainant's allegations. In the subject taxing jurisdiction, residential real property is assessed at 100% of its value. The district judge paid over $12,000 more than the assessed value. And at present, the assessed value of the home is only $16,800 above the purchase price, even though the district judge has, in the intervening twelve years, remodeled the kitchen, added insulation, updated the living and dining rooms, and installed carpet and molding.

Complainant's allegation that the district judge "had an improper motive for the failure to recuse himself" is dismissed as "frivolous [and] lacking sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii); *see* J.C.U.S. Rules 11(c)(1)(C), and (D).

---

** I assume, without deciding, that this first allegation is timely and not merits-related. *Cf.* J.C.U.S. Rule 9 ("A complaint may be filed ... at any time. If the passage of time has made an accurate and fair investigation of a complaint impractical, the complaint must be dismissed under Rule 11(c)(1)(E)."); J.C.U.S.

Rule 3(h)(3) ("An allegation that calls into question the correctness of ... a failure to recuse, without more, is merits-related. If the ... ruling is alleged to be the result of an improper motive, ... the complaint is not cognizable to the extent that it attacks the merits.")

## B. Allegation of "Hostility"

■ Second, the complainant alleges the district judge "engaged in inappropriately hostile treatment of a litigant." *** Complainant suggests the district judge's rulings betray an "incredibly hostile attitude" and the district judge "ridicule[d] and disparage[d] me." Complainant points out that a heading in one written decision (the 2006 order) was entitled, in bold-face, "[Complainant] Strikes Back." The decision was published in the national reporter system. Complainant speculates "those remarks are certainly not the communications of an impartial finder of fact" and "personally disparaged, attacked and ridiculed" complainant for exercising her constitutional rights.

A comprehensive review of the district judge's conduct in the lawsuit, including the 2006 order, conclusively refutes complainant's allegations. The district judge's bold-face heading is blunt but, as a matter of law, not the sort of "deep-seated and unequivocal antagonism" that may constitute misconduct. *See Liteky v. United States*, 510 U.S. 540, 556, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Judges must be permitted considerable literary leeway in the crafting of judicial opinions. In light of complainant's prior conduct in the lawsuit, which, together with other matters, resulted in her disbarment by the state supreme court after she failed to respond to the ethical allegations against her, the district judge's characterization of the complainant as "strik[ing] back" does not appear inapt. The record here manifestly does not reflect the district judge disparaged, attacked or ridiculed complainant or otherwise treated her with hostility.

The complainant's unsupported allegations of hostile treatment are dismissed as "frivolous [and] lacking sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii); *see* J.C.U.S. Rules 11(c)(1)(C), and (D).

## C. Allegation of Bias

Third, the complainant alleges the district judge "had an improper bias towards both litigants in this case," that is, "was baised [sic] in favor of [the defendants] and had a negative bias against me." Complainant does not elaborate except to say that the district judge's "failure to recuse ... and the hostility expressed [in the lawsuit] were based upon an improper motive—that of self-preservation." This unsupported allegation, which merely reiterates allegations previously determined to be frivolous in Parts II.A and II.B above, is likewise dismissed as "frivolous [and] lacking sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii); *see* J.C.U.S. Rules 11(c)(1)(C), and (D).

## III. CONCLUSION

The complaint is dismissed.

---

*** I assume without deciding that this second allegation is timely and not merits-related. *Cf.* J.C.U.S. Rule 9; J.C.U.S. Commentary to

Rule 3 ("An allegation that a judge treated litigants or attorneys in a demonstrably egre-

gious and hostile manner while on the bench is ... not merits-related.").

